Hatmaker, Appellant, *v.* Public Service Commission.

Argued April 26, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Frank Slattery, Jr.,* with him *Stephen Teller, R. A. Hubler* and *Charles M. Bowman,* for appellant.

*Samuel Graff Miller,* with him *Richard J. Beamish, Harry H. Frank, John C. Kelley* and *Edward Knuff,* for appellee.

PER CURIAM, July 15, 1937:

The order of the Commission appealed from relates to an administrative matter, such as an appellate court will not reverse unless a clear and manifest abuse of discretion appears or the order is not in conformity with law. Neither ground for reversal is present in this case.

Suscon Telephone Company has been furnishing telephone service to a small number of patrons in Pittston Township, Luzerne County, since 1915, as a service telephone line connected with the Bell Telephone Company of Pennsylvania at its Pittston switchboard.

Francis Hatmaker, who was one of the organizers of the Suscon Telephone Company, has, since 1919, been operating in Pittston Township a competing service telephone line under the name of The Leader Telephone Company. It, too, is connected with the Bell Telephone Company's switchboard at Pittston. Through the Bell switchboard the subscribers of each service line can talk to the subscribers of the other. Neither company, until very recently, had applied for or secured from the Public Service Commission a certificate of public convenience authorizing it to operate a telephone line, but Suscon Telephone Company, since 1918, has filed with the commission its tariff or schedule of rates.

In 1934, Hatmaker applied to the commission for a certificate of public convenience evidencing its approval of the telephone service which he had been rendering illegally since 1919. Mrs. John P. Burke (Edna Webb Burke), who is now the owner and operator of Suscon Telephone Company, appeared but did not contest the application, and it was granted.

In 1936, Hatmaker filed a complaint with the commission that Mrs. Burke trading as Suscon Telephone Company was illegally furnishing telephone service, without having obtained the approval of the commission, and was charging less than the scheduled rate; whereupon the respondent appeared and denied any violation of law, but admitted furnishing telephone service as above, without a certificate of public convenience, not being aware that it was necessary. At the same time she applied to the commission for a certificate of public convenience evidencing its approval of the telephone service she had been rendering since 1915.

The commission found that the respondent had not been charging less than the scheduled rate, sustained the complaint in so far as it related to the illegal operation as a public service company, but approved the application of Mrs. Burke, trading and doing business as Suscon Telephone Company, for the right to furnish telephone service in the area described in her amended application, as necessary for the service, accommodation and convenience of the public.

From the order approving this application, Hatmaker appealed.

It may well be that it would be to the general advantage of the patrons of these two small service lines —the complainant has eleven subscribers and the respondent ten—if they were merged into one company, but the Public Service Company Law gives the commission no power to compel such a merger; it has au-

thority only to approve a merger when agreed upon by the parties.

On the other hand the circumstances are not such as to require the commission to work the practical confiscation of the one by the other: *Citizens' Mutual Telephone & Telegraph Co. v. Public Service Commission*, 93 Pa. Superior Ct. 373, 377, 378; *Harmony Electric Co. v. Public Service Commission*, 78 Pa. Superior Ct. 271, 282. An appellant, who himself illegally operated a telephone service line for fifteen years, is in no position to ask very rigorous treatment of a rival line,—which he himself helped to organize,—conducting a similar service for a longer period, when it seeks to validate its operation.

It is probable that, at the outset, neither one understood that the telephone service it was conducting required a certificate of approval from the commission. The fact that the appellant acted two years before the respondent in securing such approval, did not constitute the latter an outlaw, whose business could be confiscated. Certainly the commission acted neither unreasonably nor contrary to law in validating the rendering of service as it has existed for over twenty years.

We have confined our discussion to the only question raised in the appellant's statement of questions involved.

The appeal is dismissed and the order of the commission is affirmed.